**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4816**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

PAUL NORFLEET,

              Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, District Judge.  (4:08-cr-00114-MSD-FBS-2)

Submitted:  October 20, 2010          Decided:  November 19, 2010

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bryan L. Saunders, Newport News, Virginia, for Appellant.  Scott W. Putney, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Norfleet was convicted of possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k) (2006) (Count Three), carjacking, 18 U.S.C. § 2119 (2006) (Count Four), and use of a firearm during the commission of a crime of violence, 18 U.S.C. § 924(c)(1) (2006) (Count Five). He received an aggregate sentence of 205 months. Norfleet now appeals. His attorney has filed brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that there are no meritorious issues for appeal. Norfleet has filed a pro se supplemental brief raising additional issues. We affirm.

I

Both counsel in the Anders brief and Norfleet in his pro se brief claim that the evidence was insufficient to convict him. When a defendant challenges the sufficiency of the evidence, we consider whether the evidence, when viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). We must sustain a verdict supported by substantial evidence. Glasser, 315 U.S. at 80. We do not

2

review the credibility of witnesses, and we assume the jury resolved all contradictions in the testimony in favor of the Government. United States v. Sun, 278 F.3d 302, 312 (4th Cir. 2002).

To secure a conviction under 18 U.S.C. § 2119, the Government must prove that the defendant "(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped, or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." United States v. Foster, 507 F.3d 233, 246-47 (4th Cir. 2007) (internal quotation marks omitted). With respect to the first element, "[t]he government need not prove that the defendant actually intended to cause the harm; it is sufficient that the defendant was conditionally prepared to act if the person failed to relinquish the vehicle." Id. at 247.

Evidence at trial established that Norfleet, Brian Clark, and Juan Vargas accosted Torriano Ponds in a parking lot on May 22, 2008. Norfleet pointed a gun at Ponds' chest and demanded "everything" from Ponds, who turned over his car keys, cell phone, and other items. Norfleet then forced Ponds into the trunk of the car, and the three assailants drove away with Ponds in the trunk. Ponds was able to escape and call police, who quickly located Ponds' car and captured Clark and Norfleet.

It was stipulated that Ponds' car had traveled in interstate commerce.

Viewed in the light most favorable to the Government, the evidence was sufficient to convict Norfleet of carjacking. With regard to the intent element of the offense, we conclude that the jury could have found that, at the moment the carjacking began, Norfleet would have shot Ponds had Ponds not relinquished control of the car. In other words, Norfleet was "conditionally prepared to act if [Ponds] failed to relinquish the vehicle." See id.

To establish a violation of 18 U.S.C. § 922(k), the Government must prove that the defendant knowingly possessed the firearm and knew that the serial number of the firearm had been removed, obliterated, or altered. United States v. Johnson, 381 F.3d 506, 508 (5th Cir. 2004). "Knowledge of the defacement of the serial number may be inferred where the defendant has possessed the gun under conditions under which an ordinary man would have inspected the pistol and discovered the absence of a serial number." United States v. Sullivan, 455 F.3d 248, 261 (4th Cir. 2006).

Evidence at trial was sufficient to convict Norfleet under § 922(k). A firearm whose serial number had been obliterated was recovered from the area where Norfleet was apprehended. Clark identified the firearm, Government's Exhibit

4

2, as the one Norfleet used during the carjacking. Further, there was testimony that Norfleet had possessed that gun since 2007, that he had committed another robbery with it, and that the serial number of the gun had been ground away. Because Norfleet had possessed the gun for a substantial period of time, the jury could infer that he knew the serial number had been obliterated.

To establish a violation of 18 U.S.C. § 924(c)(1), the Government must establish that the defendant "during and in relation to any crime of violence . . . use[d] or carrie[d] a firearm" or possessed a firearm "in furtherance of any such crime." The evidence was sufficient to convict Norfleet of this offense. Testimony established that Norfleet pointed the gun at Ponds while robbing him and forcing him into the trunk of his car. Carjacking is a crime of violence. United States v. Gonzalez-Melendez, 594 F.3d 28, 31 (1st Cir. 2010); see United States v. Foster, 507 F.3d at 241.

II

The parties appeared on March 12, 2009, fully expecting Norfleet to enter a guilty plea in accordance with a plea agreement. Instead, Norfleet, who had not signed the agreement, moved for a new attorney. The court then conducted an extensive colloquy, questioning Norfleet, the Assistant

5

United States Attorney (AUSA), and Bryan Saunders, Norfleet's lawyer. The colloquy disclosed that Saunders, who had represented Norfleet since November 2008: had met with Norfleet between eight and ten times; had discussed the case with the AUSA at least a dozen times; had corresponded extensively with the AUSA about the case; had experienced no communication problems with Norfleet until the day before the March 12 hearing; had reviewed all discovery and shared discovery with Norfleet; and had informed Norfleet that, regardless of the recommendation that he plead guilty, he was prepared to represent him at trial.

Following the colloquy, the court denied the motion. The court found that Norfleet was dissatisfied with Saunders' representation because Saunders had urged him to plead guilty, while Norfleet wanted to go to trial. The court determined that Saunders was fully prepared to appropriately defend Norfleet at the upcoming trial. In short, the court found that there was nothing that should prevent Saunders from conducting an adequate defense. The court observed that the disagreement as to whether Norfleet should plead guilty was an insufficient reason to grant a motion for substitute counsel. Accordingly, the court denied the motion. Norfleet contends on appeal that this ruling was erroneous.

While a criminal defendant has a right to counsel of his own choosing, that right is "not absolute" but is limited so as not to "deprive courts of the exercise of their inherent power to control the administration of justice." United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988). Thus, a defendant's right to substitute counsel after the court's initial appointment is restricted, and he must show good cause as to why he should receive substitute counsel. Id.

We review for abuse of discretion the district court's ruling on a motion for substitution of counsel. United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 1994). When analyzing the district court's decision on a motion for substitution, we consider three factors: "(1) the "timeliness of [the motion]; (2) the adequacy of the court's inquiry into [the defendant's] complaint about counsel; and (3) whether [the defendant and defense counsel] experienced a total lack of communication preventing an adequate defense." Id.

Application of these factors convinces us that there was no abuse of discretion. The motion was timely, as it was made almost one month before trial, which was scheduled for April 7, 2009. See United States v. Mullen, 32 F.3d 891, 896 (4th Cir. 1994) (finding motion for substitution filed twenty-three days before trial was timely). As previously stated, the court conducted a lengthy colloquy in order to decide the

motion.  Finally, there is nothing in the record to suggest a breakdown in communication so great that Saunders could not adequately defend Norfleet.  In this regard, we have observed that a disagreement over strategy and tactics, such as existed here, does not constitute a communication breakdown sufficient to warrant replacing counsel.  United States v. Johnson, 114 F.3d 435, 443 (4th Cir. 1997).

III

Norfleet claims that a two-level enhancement to his offense level based on his role in the offense was improper.  A defendant qualifies for the enhancement if he was "an organizer, leader, manager, or supervisor in any criminal activity other than described [in other sections of the Guideline]."  U.S. Sentencing Guidelines Manual § 3B1.1(c) (2008).  We review sentencing adjustments based on a defendant's role in the offense for clear error.  United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002).

We conclude that the enhancement was proper.  It was Norfleet who asked Vargas and Clark whether they wanted to "do something" with his gun, held Ponds at gunpoint, told him to turn over "everything" and instructed him to climb into the trunk of the car.  Norfleet clearly held a leadership role during the commission of the offense.

8

IV

In his pro se brief, Norfleet asserts that the jury instructions on Count Five (charging the § 924(c) violation) constructively amended that Count. Having carefully compared the indictment with the jury instructions, we conclude that there was no constructive amendment. The indictment charged, and the jury was instructed that the Government had to prove, that Norfleet used and carried a firearm during and in relation to a crime of violence, carjacking, or that he possessed the firearm in furtherance of that crime.

V

In accordance with <u>Anders</u>, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy was served on the client. We dispense with oral argument because the facts and legal contentions are

9

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED